OPINION
{¶ 1} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 2} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 4} On February 15, 1996, the Guernsey County Grand Jury indicted appellee Vincent Leroy Calvert, on one count of aggravated robbery in violation of R.C. § 2911.01 and one count of aggravated murder with a death penalty specification in violation of R.C. §2903.01. Said charges arose from the robbery and killing of Robert O. Bennett on or about February 4, 1996.
 {¶ 5} A jury trial commenced on July 12, 1996. The jury found appellee Vincent Leroy Calvert guilty as charged. After the mitigation phase, the jury returned a recommendation of life imprisonment with parole eligibility after thirty years. By judgment entry filed September 12, 1996, the trial court sentenced appellee as recommended.
 {¶ 6} Appellee filed a direct appeal of his conviction and sentence with this Court which was affirmed on November 25, 1997.
 {¶ 7} On January 9, 1998, Appellee filed a Notice of Appeal with the Ohio Supreme Court, which later denied leave and dismissed said appeal.
 {¶ 8} Appellee sought habeas review in the United States District Court for the Southern District of Ohio. The District Court found error in the admission of co-defendant testimony at the guilt phase of Appellee's trial but determined such error to be harmless.
 {¶ 9} Appellee appealed to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit agreed that the trial court erred in admitting co-defendant testimony and determined that such error was prejudicial. The Sixth Circuit remanded the matter to the District Court for purposes of granting a conditional writ of habeas corpus unless Appellee was retried within a reasonable amount of time.
 {¶ 10} The matter is now before the trial court for retrial. The issue of whether the trial court would be required to conduct a mitigation hearing before the jury if appellee was again convicted was raised before the trial court.
 {¶ 11} By Entry dated June 27, 2002, the trial court held a mitigation hearing would not be held since Defendant could not face the death penalty.[1]
 {¶ 12} The State of Ohio filed a Motion for Reconsideration of the trial court's June 27, 2002 Judgment Entry.
 {¶ 13} By Entry dated July 29, 2002, the trial court denied the State of Ohio's Motion for Reconsideration.
 {¶ 14} On August 1, 2002, the State of Ohio filed a Notice of Appeal of the trial court's judgment entered July 29, 2002, assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED BY DISMISSING THE SPECIFICATION UNDER R.C. 2903.04(A)(7) FROM THE INDICTMENT. (ENTRY, JULY 29, 2002, T., 26)."
 {¶ 16} Appellant State of Ohio appeals the trial court's dismissal of the specification to the Indictment and order that a mitigation phase in the instant case is not required and that the maximum sentence which could be imposed on Appellee upon a finding of guilt would be life imprisonment with the possibility of parole after twenty years.
 {¶ 17} In the present case, the actual ruling which the State is appealing from is the June 27, 2002 Judgment Entry. The July 29, 2002 Judgment Entry is not the original ruling, only a denial of the Motion for Reconsideration, in effect a nullity. The filing of the motion to reconsider by Appellant is not a substitute for a direct appeal. The decision on the appellant's motion to reconsider neither tolled nor restarted the time in which a notice of appeal must be filed. Appellant failed to timely file a notice of appeal from the June 27, 2002 Entry.
 {¶ 18} This appeal must therefore be dismissed for lack of jurisdiction.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.
Topic: Motion for reconsideration
[1] Because the original jury found in Defendant's favor regarding imposition of the death penalty, the Double Jeopardy clause prevents the State from seeking the death penalty on retrial. Bullington v. Missouri
(1981), 451 U.S. 430.